**Matthew BECK, Jeff Holden, Aimee Polanco, and Debbie Mozer individuals, on their own behalf and on behalf of others similarly situated, Plaintiffs,**

v.

**BOCE GROUP, L.C., d/b/a Nexxt Café, a Florida Corporation, Bo Unur, an individual, Nur Ozuyilmaz, an individual, Sedat Onur, an individual, Jim Onur, an individual, and Presidion Solutions, Inc., a Florida Corporation, Defendants.**

No. 04–20683–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Sept. 15, 2005.

Frank Henry, Neil McGuinness, Bennett Aiello Henry McGuinness, Miami, FL, for plaintiff.

Patrick G. DeBlasio, III, Deborah Frimmel, Jackson Lewis LLP, Miami, FL, for defendant.

## ORDER GRANTING DEFENDANT PRESIDION SOLUTIONS, INC'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' AMENDED COMPLAINT

COOKE, District Judge.

THIS MATTER is before the Court upon Defendant Presidion Solutions, Inc.'s Motion for Summary Judgment as to Plaintiffs' Amended Complaint (DE 189), filed May 20, 2005. For the reasons set forth below, Defendant Presidion Solutions, Inc.'s Motion for Summary Judgment as to Plaintiffs' Amended Complaint is hereby GRANTED.

## I. *Introduction*

On March 23, 2004, the Plaintiffs Matthew Beck, Jeff Holden, Aimee Polanco, and Debbie Mozer on their own behalf and on behalf of others similarly situated (hereinafter "Plaintiffs") filed suit against the Defendants Boce Group, L.C., Bo Onur, Nur Ozuyilmaz, Sedat Onur, Jim Onur, and Presidion Solutions, Inc. In this suit the Plaintiffs allege that the Defendants failed to comply with the Fair Labor Standards Act's ("FLSA") requirements concerning minimum wage, overtime compensation, and discrimination and retaliation. Defendant Presidion Solutions, Inc. has since filed a Motion for Summary Judgment as to Plaintiffs' Amended Complaint. This Motion is the subject of the present summary judgment order.

## II. *Procedural History*

The Plaintiffs' filed an Amended Complaint on April 5, 2004 (DE 9). On May 20, 2005 Defendant Presidion Solutions, Inc. filed a motion for Summary Judgment as to Plaintiffs' Amended Complaint [1] (DE 189). The Plaintiffs subsequently filed a Response on June 14, 2005 (DE 207). Finally, Defendant Presidion Solutions, Inc. filed its Reply (DE 221) on July 8, 2005. Thus, Defendant Presidion Solutions, Inc.'s Motion for Summary Judgment as to Plaintiffs' Amended Complaint has been fully briefed and is ripe for adjudication. The Court having carefully considered the case file and being duly advised, finds summary judgment to be appropriate in this case.

## III. *Legal Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." According to the U.S. Supreme Court, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Further, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. Thus, the nonmoving party " 'may not rest upon the mere allegations or denials of his pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *See also, Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."

1. The Plaintiffs' filed a Second Amended Complaint (DE 229) on July 12, 2005. In the Second Amended Complaint the Plaintiffs asserted a claim for breach of contract against Defendant Presidion Solutions, Inc. In addition, the Plaintiffs re-alleged the same claims for FLSA violations as were alleged in their Amended Complaint. Consequently, this Court will treat Defendant Presidion Solutions, Inc.'s Motion for Summary Judgment as applicable to Plaintiffs' Amended Complaint and Second Amended Complaint.

## IV. *Factual Background*

The Plaintiffs were employed as servers by the Boce Group, L.C. d/b/a the Nexxt Cafe, a popular restaurant in Miami Beach, Florida. Compl. at ¶¶ 6, 15. As part of their job duties the Plaintiffs were required to wait on customers, take food and beverage orders, deliver food to tables, place orders with the kitchen staff, bill customers for food and beverage orders, and collect money from customers. *Id.* On March 23, 2004 the Plaintiffs filed the instant action against the Defendants alleging violations of the FLSA. Specifically, the Plaintiffs allege: (1) the Defendants failed to pay Plaintiffs the statutory minimum wage in accordance with the FLSA; (2) the Defendants failed to pay the Plaintiffs the statutory overtime rate for hours worked in excess of 40 hours in a work week in accordance with the FLSA; and (3) the Defendants discriminated and retaliated against the Plaintiffs after learning of the present lawsuit. Defendant Presidion Solutions, Inc. now seeks summary judgment as to the Plaintiffs' Amended Complaint on the following grounds: 1) Defendant Presidion Solutions, Inc. is not the proper corporate defendant in this action[2]; and 2) Defendant Presidion Solutions, Inc. was not the Plaintiffs "employer" for purposes of the FLSA. However, for purposes of this Order, the Court will assume that Defendant Presidion Solutions, Inc. is the proper corporate defendant in this action and that Presidion Solutions, Inc. and SCI are the same entity.

## V. *Analysis*

### A. *FLSA and governing case law*

 The FLSA defines the term "employer" as to include "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d). Under the FLSA, "to employ" means "to suffer or to permit to work." 29 U.S.C. § 203(g). "A determination of employment status under the FLSA is a question of federal law." *Jeanneret v. Aron's East Coast Towing, Inc.,* No. 01–8001, 2002 WL 32114470 at *2 (S.D.Fla. June 29, 2002) (*citing Antenor v. D & S Farms,* 88 F.3d 925, 933 (11th Cir.1996)). In making this determination Courts must evaluate the economic realities of the individual case rather than rely upon traditional common law principles. *See Antenor,* 88 F.3d at 933. The focus of the economic realities test is whether the plaintiff was dependent upon the putative employer. *Id.* at 932. In utilizing the economic realities test courts must look at the surrounding circumstances of the whole activity. *See, Aimable v. Long & Scott Farms,* 20 F.3d 434, 439 (11th Cir.1994). (*citing Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947)). *See also, Hodgson v. Griffin and Brand of McAllen, Inc.,* 471 F.2d 235, 237 (5th Cir.1973). However, whether the parties intended to create an employment relationship is irrelevant to this analysis. *See, Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 470–71 (11th Cir.1982). In addition, "[w]here the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the [FLSA]." *Rutherford Food Corp.,* 331 U.S. at 729, 67 S.Ct. 1473. Further, for purposes of the FLSA "a

---

2. The Court does not reach the issue of whether Presidion Solutions, Inc. is the proper corporate defendant in this action because the Court concludes that Presidion Solutions, Inc. was not a joint employer for purposes of FLSA liability.

worker can be economically dependent on, and thus jointly employed by, more than one entity at the same time." *Antenor*, 88 F.3d at 929.

■ To determine whether a joint employment relationship exists courts consider the following factors: (1) the nature and degree of the putative employer's control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the right, directly or indirectly, to hire, fire, or modify the workers' employment conditions; (4) the power to determine the workers' pay rates or methods of payment; (5) the preparation of payroll and payment of workers' wages; (6) the ownership of the facilities where the work occurred; (7) whether the worker performed a line job integral to the end product; and (8) the relative investment in equipment and facilities. *See Antenor*, 88 F.3d at 932 (*citing Aimable*, 20 F.3d at 440–445). In *Antenor*, the Eleventh Circuit highlighted several principles that would guide its application of the above factors. First, the question in "joint employment" cases is not whether the worker is more economically dependent on one putative employer than another because more than one entity can be a putative employer. Second, no one factor is determinative because the existence of a joint employment relationship depends on the economic reality of all the circumstances. Third, it is dependence that indicates employee status, therefore, the weight of each factor depends on the light it sheds on the workers' economic dependence. Fourth, the absence of evidence on any

one or more of the factors does not preclude a finding that a putative employer was a joint employer. Fifth, the inquiry must focus on the issue of economic dependency not common law concepts of employment. Finally, the FLSA is a remedial statute therefore it must be construed broadly. *See Antenor*, 88 F.3d at 932–33.

### B. *Merits of Plaintiffs' case* [3]

■ Defendant Presidion Solutions, Inc. has moved for summary judgment as to Plaintiffs' Amended Complaint on the ground that "Plaintiffs cannot establish that Presidion was Plaintiffs' employer as defined by the FLSA" and therefore it is not liable under §§ 206 or 207 of the FLSA. Def. Presidion Solutions, Inc's Mot. for Summ. J. at ¶¶ 1 –6. Consequently, this Court must now apply the economic realities test to determine whether in fact Defendant Presidion Solutions, Inc. was a joint employer for purposes of the FLSA.

### 1. *Nature and control of workers*

The first indicator of joint employment status is the nature and degree of the alleged employer's control of the employee. In *Antenor*, the Eleventh Circuit stated "[s]uch control arises when [the alleged employer] determines for example, the number of workers hired for a job, when work should begin on a particular day, which workers should be assigned to specific tasks and whether a worker should be disciplined or retained." *Id.* at 933. Defendant Presidion Solutions Inc. argues that there is no evidence in the record to

---

**3.** In their Opposition Brief the Plaintiffs rely upon *Preston v. Settle Down Enterprises, Inc.*, 90 F.Supp.2d 1267, 1274 (N.D.Ga.2000) to set forth the elements of the economic realities test. *Preston* sets forth a four factor test that is different from that pronounced in *Antenor* and *Aimable*. According to *Preston*, "[t]he economic realities test asks whether the alleged employer (1) had the power to hire and

fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Id.* at 439. However, given that *Antenor* and *Aimable* are binding authority in this jurisdiction this Court will utilize the economic realities test as pronounced in those cases.

indicate that Presidion Solutions, Inc. or SCI d/b/a Presidion Solutions II, Inc. maintained any control whatsoever, direct or indirect, over Plaintiffs' work. In their Opposition the Plaintiffs appear to ignore the first factor of the economic realities test as set forth in *Antenor*. As previously stated the Plaintiffs rely upon *Preston v. Settle Down Enterprises, Inc.*, 90 F.Supp.2d 1267, 1274 (N.D.Ga.2000) to set forth the elements of the economic realities test. However, *Preston* does not include the nature and control of workers as a factor in its economic realities test. Consequently, the Plaintiffs did not address this factor when they presented evidence concerning the economic realities test. Nevertheless, in a later argument the Plaintiffs appear to argue that Florida Statute § 468.525(4) and the SSA establish that: (1) the Defendant retained a right of direction and control over management of safety, risk, and hazard control at the worksites affecting its leased employees; and (2) Defendants retained authority to hire, terminate, discipline, and reassign the leased employees. However, the Defendants contend that there is no record evidence establishing that in reality it exercised any control over the Plaintiffs. Further, the Defendant argues that the Plaintiffs have not proffered any evidence to establish that in practice the Defendant exercised control over them. The economic realities test evaluates the actual working relationship. Thus, Plaintiffs must present evidence that shows that in practice the Defendant exercised control over them. Given that Plaintiffs have failed to do so the Court must conclude that consideration of the first factor of the economic realities test supports a finding that Presidion Solutions, Inc. was not a joint employer.

### 2. *Degree of supervision of the work*

The second prong of the economic realities test analyzes the alleged employer's degree of oversight or supervision, direct or indirect, of the work. "[S]upervision is present whether orders are communicated directly to the laborer or indirectly through the contractor." *Jeanneret v. Aron's East Coast Towing, Inc.*, No. 01–8001 2002 WL 32114470 * 5 (*citing Aimable*, 20 F.3d at 441). Defendant Presidion Solutions, Inc. argues that the Plaintiffs cannot present evidence that any Presidion Solutions, Inc. or SCI employee exercised control over Plaintiffs or any other Nexxt Cafe employee. Further, Defendant argues that the record evidence in this matter establishes that managers employed by the Nexxt Cafe supervised all of the Plaintiffs' work and the Nexxt Cafe had sole managerial control over Plaintiffs during their employment. Importantly, the Plaintiffs have not proffered any evidence to support the contention that the Defendant ever actually supervised their work. Therefore, the Court must find that upon consideration of the second factor, there is no evidence that Presidion Solutions, Inc. actually supervised the Plaintiffs' work.

### 3. *Right to hire, fire, or modify the workers' employment conditions*

The third factor concerns whether the alleged employer possessed the right to hire, fire, or modify the worker's employment condition. Defendant Presidion Solutions, Inc. contends that it did not possess the power to hire, fire, or modify Plaintiffs' employment conditions. However, Plaintiffs contend that the Defendant did indeed have the ability to hire, fire, and modify Plaintiffs' conditions of employment. To support this contention the Plaintiffs point to the fact that the Defendant assisted the Nexxt Cafe in its hiring decisions by providing it with the necessary forms, personnel handbook policies and procedures (including drug testing authorizations and 1–9 documents). In addition, the Plaintiffs contend that David Dibble's deposition testimony establishes that

Presidion Solutions, Inc. assisted the Nexxt Cafe in hiring and discipline issues (including reviewing problems that the Nexxt Cafe might have with its employees). Further, the Plaintiffs argue that Presidion Solutions, Inc. wrote the employee handbook which established rules of conduct for the Nexxt Cafe employees. Finally, the Plaintiffs argue that various provisions of the SSA established that Defendant Presidion Solutions, Inc. possessed the right to hire, fire, and modify the Plaintiffs' employment conditions.

### a. Defendant assisted in hiring by providing the Nexxt Cafe with the necessary forms and personnel handbook policies and procedures that affected the decision to hire

The Plaintiffs' argument that the Defendant possessed the power to hire and fire because the Defendant provided the Nexxt Cafe with the necessary forms and personnel handbook policies and procedures is unavailing. Again, the economic realities test inquires into whether the alleged employer possessed the power in practice. However, this evidence does not establish that Presidion Solutions, Inc. possessed that power in practice.

### b. David Dibble's deposition testimony

The Plaintiffs' argument that David Dibble's deposition testimony supports their claim that Defendant Presidion Solutions, Inc. assisted the Nexxt Cafe in hiring and discipline issues is unavailing as well. If anything Mr. Dibble's testimony supports

the contention that Presidion Solutions, Inc. only served as a consultant with regard to various employment issues. For instance, at one point during his testimony when asked if Presidion provides any guidance on how to terminate employees, Mr. Dibble stated:

> "The thing we are most aggressive on is documentation, number one. I cannot determine for a client what is a good fit for their company. This is a choice they have to make. If the client says 'well, I just can't get them to do the right thing,' then what I am going to do is get feedback from the client what steps were taken to educate this employee under what you feel is appropriate behavior. It is like helping people answer their own questions by giving them a flow of good information."

Facts ¶ 19. Thus, it is this Court's conclusion that this testimony does not serve as evidence that Defendant Presidion Solutions, Inc. had the power to hire, fire, or discipline Nexxt Cafe employees.

### c. Nexxt Cafe employee handbook

The Plaintiffs argue that the employee handbook required by Presidion to be distributed to all employees at the Nexxt Cafe shows that the Defendant had the power to hire, fire, or modify the Plaintiffs' employment conditions. However, after reviewing the provisions in this handbook this Court finds that those provisions are too generic and formulaic to serve as evidence that the Defendant exercised the requisite degree of control over the Plaintiffs.[4] The policies contained in the hand-

---

4. Below is an example of the generic formulaic nature of the handbook provisions:

**Normal Work Hours**

A standard work day consists of eight hours, exclusive of the meal period. Breaks for rest, snacks, etc. may or may not be counted as hours worked based upon applicable state and federal legislation. Your worksite employer may change the hourly schedule at its discretion. Your worksite employer will schedule the times and the work to be accomplished according to its specific business needs. If you are going to be absent or late for your scheduled work schedule, you should report that event to your supervisor at least one hour prior to the start of your work schedule. Plaintiffs' Exh. Tab 12 at 4.

book are not specifically geared towards the Plaintiffs nor does the handbook contain specific directives for the Plaintiffs. Further, many of the policies are explicitly conditioned such that they could be changed, added to, altered, or dismissed at the behest of the Nexxt Cafe. Thus, this Court cannot construe this handbook as evidence that the Defendant had the power to hire, fire, or modify the Plaintiffs' employment conditions.

### d. Terms of the SSA

Plaintiffs contend that the Defendant had the power to hire, fire, and modify conditions of the Plaintiffs' employment because under the terms of the SSA the Defendant retained the authority to hire, terminate, discipline, and reassign leased employees; and leased employees were not to work in any other location. Plaintiffs' Exh. Tab 3. However, the Plaintiffs have not pointed to any evidence drawn from the actual working relationship between the Defendant and Plaintiffs which indicates that Presidion Solutions, Inc. in fact possessed the right to hire, fire, or modify Plaintiffs' employment conditions or ever exercised that right.

This situation is unlike *Antenor* where there was evidence that the alleged employers had the right to veto the labor contractor's hiring decisions and to dictate the hours of work. In the present action the Plaintiffs have only pointed to contractual provisions. However, the economic realities test requires this Court to consider and evaluate the employment relationship in practice. Thus, reliance on contractual provisions without other evidence indicating that the employer possessed the right to hire, fire, or modify the conditions of employment in practice is unavailing. Consequently, this Court must conclude that the evidence relevant to the third factor of the economic realities test does not tend to point to a finding of joint employment.

### 4. *Power to determine pay rates or methods of payment*

The next factor this Court must consider is the degree to which the alleged employer had the power to determine the pay rates or the methods of payments of the workers. "Method of payment refers to the basis upon which a worker is paid, for example, by the hour or by the piece." *Antenor*, 88 F.3d at 936. Presidion Solutions, Inc. asserts that Presidion Solutions, Inc.(including SCI) did not have the power to set pay rates or methods of payment of Nexxt Cafe employees. Further, Defendant Presidion Solutions, Inc. asserts that Nexxt Cafe alone determined the rates and methods of payment of Nexxt Cafe employees. To rebut these assertions the Plaintiffs argue that under the SSA Defendant Presidion Solutions, Inc. was responsible for the payment of wages to the leased employees, without regard to payments by the Subscriber to the leasing company. Further, Plaintiffs argues that Defendant Presidion Solutions, Inc. affected the method of payment in that they offered the possibility of direct deposits or hard checks. In addition, Plaintiffs argue that through the employee handbook Defendant Presidion Solutions, Inc. set the rules on the employees' work hours, time-cards, payroll deductions, payroll adjustments, and the day when pay is distributed. Finally, Plaintiffs argue that since Mr. Dibble was aware of the FLSA's requirements for paying tipped employees and since Defendant Presidion Solutions, Inc.'s payroll systems were designed to spot those instances in which an employee was not receiving at the least the minimum wage in actual wages and tips, then it was Mr. Dibble's responsibility to ensure that client companies like the Nexxt Cafe used the right rate and method of payment of wages to employees.

However, after duly considering these arguments it is this Court's conclusions that they are unavailing. The Plaintiff has proffered no evidence that Presidion Solutions, Inc. was the entity that actually set the pay rates; nor did the Plaintiffs proffer evidence that Presidion Solutions actually determined the method of payment. Further, Plaintiffs' reference to generic policies concerning work hours, time cards, direct deposit options, and payroll systems does not suffice to establish or indicate that Presidion Solutions, Inc. actually set the Plaintiffs' pay rates or methods of payment. Therefore, the evidence relevant to this factor does not tend to point to a finding of joint employment.

### 5. Preparation of payroll and payment of wages

The fifth factor this Court must evaluate considers whether the alleged employer was involved in the preparation of payroll and payment of wages to the workers. "This factor is probative of joint employment because of the likelihood that when a business undertakes to help an independent contractor prepare its payroll and pay its wages, it is likely that the contractor lacks economic substance on which the workers can solely depend." *Antenor*, 88 F.3d at 936. The Parties both acknowledge that Defendant Presidion Solutions, Inc. was the entity that prepared the payroll, made the direct payment of wages to the Plaintiffs, paid the applicable taxes, and worker's compensation insurance. However, the Defendant argues that its functions was strictly administrative and that the money for the payment of wages and benefits to the Nexxt Cafe came from the Nexxt Cafe before SCI ever processed the Nexxt Cafe's payroll. Due to the fact that the Plaintiffs' utilized the economic realities test as set forth in *Preston* (which does not include preparation of payroll and payment of wages as a factor in the economic realities test) the Plaintiffs did not

directly address this factor in their brief. However, in a later portion of their Opposition Brief the Plaintiffs appear to argue that § V(D)(5) of the SSA under which SCI assumed responsibility for the payment of wages to the leased employees without regard to payments by the Subscriber to the leasing company, created joint employment between the Plaintiffs and the Defendant.

While the fact that the Defendant prepared the payroll checks and paid taxes and other expenses out of its own accounts is probative evidence of joint employment, it is not dispositive. The Plaintiffs have failed to proffer any evidence that the actual working relationship amongst the Parties was such that the Defendant would have made wage payments to the Plaintiffs (or any other Nexxt Cafe employee) regardless of whether the Nexxt Cafe first paid the payroll funds to Defendant Presidion Solutions, Inc. Further, the Plaintiffs have not proffered any evidence that the Defendant did in fact make wage payments to Nexxt Cafe employees without the Nexxt Cafe first paying the payroll funds to the Defendant. In addition, the Defendant's claim that it functioned solely in an administrative role is consistent with the SSA when read in its entirety. Therefore, there is only minimal evidence under this factor tending to prove or show joint employment.

### 6. Ownership of facilities where work occurred

The Sixth factor indicative of joint employment is the putative employer's ownership of the facilities where the work occurred. "This element is probative of joint-employment status for the obvious reason that without the land, the worker might not have work, and because a business that owns or controls the worksite will likely be able to prevent labor law

violations, even if it delegates hiring and supervisory responsibilities to contractors." *Antenor*, 88 F.3d at 936–37. The Defendant asserts that neither it nor SCI owned the facilities where the Nexxt Cafe employees worked and as a result the Nexxt Cafe employees were not dependent on the Defendant. The Plaintiffs do not contest this assertion. Therefore, this Court must conclude that there is no evidence under this factor tending to prove joint employment.

### 7. Performance of a line job integral to the defendant's business

The Seventh factor this Court must consider is whether the worker performed a line job integral to the putative employer's business. This factor is probative of joint employment because a worker who performs a routine task that is integral to the putative employer's business is likely to be dependent on the defendant's overall enterprises. Presidion Solutions, Inc. argues that the Plaintiffs, as food servers, performed a task that was integral to the Nexxt Cafe's business but not to Presidion Solution Inc.'s business of providing administrative services. The Plaintiffs have not proffered any evidence to challenge this contention. Further, on the basis of the record it appears that Plaintiffs' jobs were not integral to the Defendant's employee leasing/administrative services business, therefore, this factor counsels against a finding of joint employment.

### 8. Investment in equipment and facilities

The final factor this Court must consider for purposes of the economic realities test is the relative degree of investment in equipment and facilities by Defendant Presidion Solutions, Inc. and the Nexxt Cafe. This factor is probative because it is more likely that a worker is economically dependent on the entity that supplies the equipment or the facilities necessary to perform the work in question. Presidion Solutions, Inc. asserts that the Nexxt Cafe made the entire investment in facilities. Further, the Defendant contends that neither Presidion Solutions, Inc. nor SCI own the building that houses the Nexxt Cafe nor did they invest in or provide any equipment for the operation of the Nexxt Cafe. Plaintiff did not dispute these contentions. Consequently, the evidence relating to this factor tends to prove that Presidion Solutions, Inc. was not a joint employer of the Plaintiffs.

### VI. Conclusion

The Plaintiffs have not provided any substantial proof that Presidion Solutions, Inc. acted as their employer while they worked at the Nexxt Cafe, or that they were economically dependent on Presidion Solutions, Inc. in a similar fashion to that of the farmworkers in *Antenor*. Instead, Plaintiffs simply argue that Presidion Solutions Inc. is a joint employer because: 1) Presidion Solutions, Inc. performed various human resource functions; 2) various terms of the SSA extended certain rights and duties to Presidion Solutions, Inc.; and 3) Presidion Solutions, Inc was governed by Florida's employee leasing company statute. However, Plaintiffs' contentions do not support a finding that Presidion Solutions, Inc. was their joint employer under the economic realities test. The economic realities test requires this Court to consider the relationship in practice to determine if an entity in fact functioned as a joint employer. The intent of the Parties is not a dispositive factor in this analysis. Further, joint employment status under the FLSA is a matter of Federal law *not* State law. *See Antenor*, 88 F.3d at 929. Therefore, state statutes imposing joint employment status *do not have dispositive bearing on this Court's analysis*. Instead, it is the economic realities test that determines joint

employment states for purposes of the FLSA.

Plaintiff's assertion that the Eleventh Circuit's decision in *Antenor* is inapposite is convoluted at best. In *Antenor*, the Eleventh Circuit acknowledged that more than one entity can be an employer. The economic realities test is simply the tool by which to determine whether a particular entity is an employer with respect to a worker. Further, the *Antenor* analysis is not limited to farmworker cases. For positive proof of this conclusion the Plaintiffs need look no further than the Eleventh Circuit opinion affirming *Jeanneret*. *See, Jeanneret v. Aron's East Coast*, 54 Fed. Appx. 685 (11th Cir.2002). In *Jeanneret*, the plaintiff alleged that an employee leasing company was his joint employer for purposes of the FLSA because: the leasing company retained certain rights and duties under the SSA, the SSA stated that the defendant was a joint employer, the leasing company performed various payroll functions, and the Florida employee leasing company statute labeled the defendant as a joint employer. However, the Southern District of Florida concluded that the plaintiff failed to proffer substantial evidence proving that in practice the defendant functioned as a joint employer. In reaching this conclusion the court utilized the eight factor economic realities test announced in *Antenor*. In addition, on its facts *Jeanneret* is very similar to the present action, and thus it must serve as persuasive authority for this Court. While the Plaintiffs may be correct in that Presidion Solutions, Inc. appears to have provided more than just payroll services—the providing of additional services does not necessarily make Presidion Solutions, Inc. the Plaintiffs' joint employer. Instead, joint employment still must be established under the economic realities test. However, the Plaintiffs have failed to do so. Therefore, it is

ORDERED AND ADJUDGED that Defendant Presidion Solutions, Inc.'s Motion for Summary Judgment is hereby GRANTED.